JUDGE BATTS

10 CIV 7518

BADIAK & WILL, LLP
Attorneys for Plaintiff
106 3rd Street
Mineola, New York  11501
(516) 877-2225
Our Ref. : 10-J-003-JK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x



LIBERTY  MUTUAL  INSURANCE  COMPANY a/s/o
Evas Esthetics,

                             Plaintiff,

        - against -

UPS EUROPE S.A.,

                             Defendant.

-------------------------------------------------------------x

ECF CASE

10 Civ.   (   )

COMPLAINT

        Plaintiff, LIBERTY MUTUAL INSURANCE COMPANY a/s/o Evas Esthetics, by their attorneys, Badiak, & Will, LLP, as and for their Complaint herein against the defendant, alleges upon information and belief as follows:

        1. All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

        2. Plaintiff, LIBERTY MUTUAL INSURANCE COMPANY (hereinafter referred to as "Liberty"), is and was at all times hereinafter mentioned a corporation organized and existing under and by virtue of the laws of the State of Massachusetts and provided all-risk cargo insurance

for the subject shipments hereinafter described, and maintained an office and place of business at 55 Water Street, New York, New York, 10041.

3. Plaintiff Liberty has paid the consignee and owner of the shipment mentioned hereinafter pursuant to a marine cargo insurance policy herein before described and brings this action on its own behalf and as agent and trustee on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action. The consignee has performed all conditions required on its part to be performed with respect to the subject shipment.

4. Defendant, UPS EUROPE S.A., (hereinafter "UPS"), is and was a corporation organized and existing under and by virtue of the laws of one of the states of the United States with an office and place of business c/o UPS Supply Chain Solutions, 12380 Morris Road, Alpharetta, Georgia 30005 and c/o Corporation Service Company CSC - Lawyers Incorporating Service, 2730 Gateway Oaks, Suite 100, Sacramento, CA 95833, and is and was at all times hereinafter mentioned, a common carrier by water for hire and owned, chartered, managed and/or otherwise controlled or contracted to use the M.V. FOWAIRET as a general vessel engaged in the common carriage of merchandise by water for hire between, among others, the ports of Barcelona, Spain and Oakland, California, via the port of discharge New York.

5. On or before August 24, 2009, DRV SA, as shipper, delivered to Defendant UPS a shipment of 9 packages of depilatory wax, said shipment being in good order and condition, and loaded into an ocean shipping container numbered HJCU1343120, the shipment and container being delivered to and received by Defendant UPS Madrid, Spain, and Defendant UPS then and there

accepted the said shipment so shipped and delivered to them and, in consideration of certain freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to New York, the port of discharge, and to thereupon continue with the carriage of the subject container and shipment to the place of delivery, Oakland, California, and there deliver same in like good order and condition as when shipped, delivered to and received by them, to Evas Esthetics, the consignee and the plaintiff's assured, all in accordance with a multimodal bill of lading issued by or on behalf of the defendant UPS numbered 7046708493, dated on or about August 24, 2009.

6. Thereafter Defendant UPS made delivery of the aforementioned shipment, but not in like good order, condition or quantity as when shipped, delivered to and received by them but, to the contrary, with the entire shipment missing from the subject container, with a damage and impaired in value, all in violation of Defendant UPS's obligations and duties as common carriers of merchandise by water for hire.

7. The under the terms and conditions of the multimodal bill of lading issued by defendant UPS covering the subject shipment and carriage defendant required plaintiff and any party making a claim or having a dispute under said bill of lading to file suit in the United States District Court for the Southern District of New York, which said bill of lading contract specified would have exclusive jurisdiction over all dispute arising under said bill of lading.

7. By reason of the foregoing premises, plaintiff has sustained damage, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $3,484.60.

WHEREFORE, plaintiff prays:

1. That process in due form of law may issue against defendant citing it to appear and answer all and singular the matters aforesaid;

2. That if defendant cannot be found within this District then all of their property within this District be attached in the sum of $3,484.60, with interest thereon and costs, the sum sued for in this Complaint;

3. That judgment may be entered in favor of plaintiff, LIBERTY MUTUAL INSURANCE COMPANY and against defendant UPS EUROPE S.A., for the amount of plaintiff's damages, $417,082.82, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims may issue against said vessel, it's engines, etc., and taht all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court pronounce judgment in favor of Plaintiff for their damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefor; and

5. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Dated:   New York, New York
         September 29, 2010

                                BADIAK & WILL, LLP
                                Attorneys for Plaintiff,
                                Liberty Mutual Insurance Co.

                                By: _____
                                    JAMES P. KRAUZLIS (JK-4972)